```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| EMERSON ELECTRIC COMPANY, et al., | HON. JEROME B. SIMANDLE |
| Plaintiffs, | Civil Action No. 05-6042 (JBS) |
| v. | |
| LE CARBONE LORRAINE, S.A., et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, DISTRICT JUDGE:

This matter comes before the Court on Plaintiff Visteon Corporation's ("Plaintiff Visteon" or "Visteon") motion to cure or for reconsideration of the Court's October 7, 2008 Order [Docket Item 136].  THIS COURT FINDS AS FOLLOWS:

1.  Plaintiff Visteon seeks to avoid this Court's October 7, 2008 Order, which found that it lacked antitrust standing to bring the claims at issue here.  Emerson Elec. Co. v. Le Carbone Lorraine, S.A., No. 05-6042, 2008 WL 4560716 (D.N.J. Oct. 7, 2008).  In brief, Plaintiff Visteon, along with the other Plaintiffs in this action, alleges that it purchased electrical carbon products from Defendants at illegally inflated rates as a consequence of Defendants' conspiracy to fix the price of these products.  The Court found, over Visteon's protest, that in October, 2005, shortly after commencing the present action, Visteon assigned this antitrust claim to Ford Motor Company

("Ford"). Emerson Elec., 2008 WL 4560716, at *5. Plaintiff Visteon now presents an agreement in which Ford has re-conveyed this antitrust claim to Visteon.[1]  (Pl. Visteon Ex. A.)

    2. The Court will grant Plaintiff Visteon's request for relief from the Court's October 7, 2008 Order and will vacate that Order to the extent it found that Visteon lacks standing to bring this antitrust claim and granted summary judgment against Visteon.  In doing so, the Court relies not on Local Rule 7.1, but instead on its inherent power to modify or vacate its own interlocutory orders.  Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all of the parties'

---

[1] The Court rejects Defendants' argument that the agreement does not confer standing because it may not have been signed by representatives with authority to transfer the antitrust claim or because the agreement does not specify what consideration Ford received for conveying the claim.  The Court agrees with Plaintiff that any lack of authority to bind would make the contract voidable, not void, and Defendants do not have standing to challenge the contract's validity on that ground.  United States v. Baird, 218 F.3d 221, 230 (3d Cir. 2000); Standard Rolling Bearing Co. V. Hess-Bright Mfg. Co., 275 F. 916, 920 (3d Cir. 1921); Residential Reroofers Local 30-B v. A & B Metal & Roofing, Inc., 976 F. Supp. 341, 346 (E.D. Pa. 1997).  Likewise, the Court will accept as truthful the assertion in the assignment agreement that Ford received "good and valuable consideration" for the exchange and will not require further proof from Plaintiff Visteon on this matter.

rights and liabilities"); John Simmons Co. v. Grier Bros. Co., 258 U.S. 82, 88 (1922) ("the court at any time before final decree may modify or rescind [interlocutory orders]"); United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973). "[S]o long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so." Jerry, 487 F.2d at 605.

  3. In the present case, the Court finds that the interests of justice, and in particular, the underlying goal of our antitrust law to deter just the sort of conduct alleged here, call for the reintroduction of Plaintiff Visteon into this litigation.  There is no dispute that Visteon purchased the electrical carbon products at issue and, if Plaintiffs' allegations are proven to be true, suffered the injury.  Visteon consequently had both constitutional and antitrust standing when this action was brought.  See Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp., 995 F.2d 425, 429 (3d Cir. 1993). Visteon has consistently maintained that it did not intend to transfer these antitrust claims to Ford, and further, that it did not in fact transfer these claims, and thus did not seek to regain claims it believed were never transferred.  Consistent with this Court's October 7, 2008 opinion, however, Visteon has reacquired those claims (still maintaining that they were never

3

transferred) and the Court will permit Visteon to continue in this action now that it has regained antitrust standing.  See Gulfstream, 995 F.2d at 437-40.  An accompanying Order will be entered.


**February 4, 2009**                         **s/ Jerome B. Simandle**
Date                                          JEROME B. SIMANDLE
                                              United States District Judge